UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOMINIC ANTHONY ROSATO,

    Plaintiff,

v.                                                        Case No.  2:24-cv-883-JLB-NPM

LEE E DIXON, JON P CARNER,
DONALD SAWYER, and DOTTY
RIDDLE,

    Defendants.
_____/

## ORDER OF DISMISSAL

    Plaintiff Dominic Anthony Rosato, an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), initiated this action by filing a pro se 42 U.S.C. § 1983 civil rights complaint against four FCCC employees (Doc. 1).  The Court dismissed all claims in Plaintiff's first complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because he had not stated an actionable claim.  (Doc. 5.) Plaintiff's amended complaint (Doc. 13) is now before the complaint for initial screening.[1]

---

[1] A plaintiff seeking to proceed in forma pauperis will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the Court to dismiss a civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Despite Plaintiff's non-prisoner status, his amended complaint is subject to initial review under section 1915(e)(2)(B).  See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it reviewed a complaint filed by a civil detainee under 28 U.S.C. § 1915(e)(2)(B)).

After careful review, the Court concludes that the amended complaint must be dismissed without prejudice because it does not state an actionable claim and because Plaintiff has abused the litigation process.

## Background and Amended Complaint

In his first complaint, Plaintiff asserted the following facts: On October 18, 2023, Plaintiff sent the FCCC chaplain, Defendant Lee Dixon, a Resident Communication Form asking why he "was not being allowed to have all eight of my religious Sabbats." (Doc. 1 at 5.)[2] On October 19, 2023, Defendant Dixon responded that Plaintiff was "[a]llotted congregationity [sic] 4 plus 10-31-2023. Go through your L[i]aison to find out these allotted days and times." (Id. at 5.) Dissatisfied with this response, Plaintiff attempted to file a grievance under FCCC rules, but Defendant Dottie Riddle, the FCCC's grievance examiner, returned the grievance because she mistakenly believed it was a duplicate. (Id. at 6.) She did not allow Plaintiff to resubmit his grievance. (Id.) Plaintiff asserted that the Sabbats are "an essential requirement of Plaintiff's religious belief and practice as a devout Wiccan" and that the "denial of all eight Sabbats violates [his] [F]irst Amendment Right and the Religious Land Use Act." (Id.) He sought monetary

---

[2] Plaintiff practices the Wiccan belief. (Doc. 1 at 6.) Solely as a point of reference for explanatory purposes and not binding on the state-operated FCCC here, the Federal Bureau of Prisons' manual on Wicca lists the eight Sabbats or "Required Occasional Observances" as falling on (or near) October 31, December 21, February 2, March 21, April 30, June 22, August 2, and September 21. See https://www.bop.gov/foia/docs/wiccamanual.pdf .

damages and injunctive relief in the form of an order that he be allowed to celebrate all eight of his religious Sabbats.  (Doc. 1 at 5.)

      The Court dismissed the complaint on initial screening, specifically noting:

> The few facts alleged in Plaintiff's complaint do not state a claim on which relief can be granted, and the complaint is therefore dismissed under section 1915(e)(2)(B)(ii). The Court cannot determine whether Plaintiff alleges that the FCCC does not allow him to observe <u>any</u> Sabbats or whether Defendant Dixon's answer suggests that he is allowed to observe only some of them.  And although the Court liberally construes the complaint as alleging that Plaintiff sought permission to observe more (or all) Sabbats, he does not allege that permission was denied—only that he has experienced difficulty completing the grievance process.  Finally, Plaintiff does not explain why he names Facility Administrator Jon Carner or Vice President Donald Sawyer as defendants.  Simply stated, they are not mentioned in the fact section of the complaint.

(Doc. 5 at 3–4.)  The Court also explained that:  (1) Plaintiff could not sue supervisory officials under section 1983 on a theory of respondeat superior; and (2) "a defendant's denial of a grievance, standing alone, does not establish personal participation or causation."  (Id. at 4–5.)  The Court directed Plaintiff to file an amended complaint if he wished to proceed, but "strongly recommend[ed] that Plaintiff file another grievance with the FCCC specifically setting forth the Sabbats (i.e., which days exactly) he wishes to celebrate such that the FCCC can be on notice of his complaint and, perhaps, solve it without the need for this Court's intervention."  (Id. at 6.)

      Plaintiff filed an amended complaint on October 30, 2024.  (Doc. 13.) Instead of heeding the Court's advice regarding the need for specific factual

allegations against the named defendants, the first five and a half pages and the last five pages of the 17-page amended complaint are identical to the original complaint. The remainder of the amended complaint lists Wiccan holidays and celebrations (explaining their significance) and makes the following additional allegation against Defendant Dixon:

> In October of 2022, the defendant Rev. Lee E. Dixon started using the Federal Guidelines of religious Beliefs for all religious services and High Holy Days. These guidelines didn't start affecting the plaintiff until January of 2023 due to the High Holy Days that the plaintiff isn't permitted to celebrate by the defendant Lee E. Dixon has already [passed] before the defendant started using these guidelines. Defendant Rev. Dixon states in his response to plaintiff's communication form Imbolc, Beltane and L are not considered High Holy Days but occasional special observances.

(Doc. 13 at 8.)

## Discussion

Dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In addition, to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In other words, a complaint may not rest on

" 'naked assertions[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

As noted, the factual allegations against Defendants Carner, Sawyer, and Riddle in the amended complaint are <u>identical</u> to those in Plaintiff's original complaint and have already been determined not to state a claim.  Therefore, the Court dismisses these defendants from this action for the same reasons discussed in its first screening order.  Likewise, the three sentences added to the amended complaint to support Plaintiff's allegations against Defendant Dixon are still insufficient to "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

The Court will not order Plaintiff to augment his factual allegations against Defendant Dixon in a second amended complaint.  This is because—in addition to failing to state an actionable claim—his amended complaint is due to be dismissed for abuse of the judicial process and as a duplicate of case number 2:24-cv-741-SPC-NPM, which was filed <u>before</u> this action.  The Court's pre-printed civil rights complaint form requires plaintiffs to identify other lawsuits filed in state or federal court "dealing with the same facts" involved in the current action.  (See Doc. 13 at 15.)  The form also requires the plaintiff to identify <u>every</u> lawsuit filed in state or federal court that relates to his conditions of confinement.  (See <u>id.</u> at 15–16.)  When asked whether he had filed any other lawsuits "dealing with the same facts involved in this action," Plaintiff responded "No."  (Doc. 13 at 15.)  Likewise,

5

Plaintiff indicated that he has never filed any complaints in state or federal court connected to his conditions of confinement. (Id. at 16.) However, a review of CM/ECF shows that Plaintiff has filed at least twelve cases in federal district court dealing with his conditions of confinement at the FCCC (including this one) as well as case number 2:24-cv-741-SPC-NPM, in which he complains—as he does in this case—that he has not been permitted to observe all Wiccan holy days.

On the complaint form's signature page, Plaintiff acknowledged that he was subject to Rule 11 of the Federal Rules of Civil Procedure. (Id. at 17.) Rule 11 forbids lying in pleadings filed with the Court. See Fed. R. Civ. P. 11(b); Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006) ("Rule 11 forbids lying in pleadings, motions, and other papers filed with the court[]"); Kendrick v. Sec'y, Fla. Dep't of Corr., No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). And providing false information to the court is, in and of itself, a valid ground for dismissing a complaint. Kendrick, 2022 WL 2388425 at *3 ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation).

Moreover, the inquiry concerning a plaintiff's prior lawsuits is not a matter of idle curiosity or an effort to raise meaningless obstacles to litigants' access to the courts. Part of the reason the Court asks pro se plaintiffs about prior litigation is to ferret out duplicate claims and cases at the earliest possible point and avoid the

unnecessary waste of scarce judicial resources.[3]  A complaint "that merely repeats pending or previously litigated claims" may be considered abusive and dismissed under the authority of section 1915(e).  Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation.").  Plaintiff's failure to exercise candor in completing his form impeded the Court in managing its caseload and merits the sanction of dismissal without leave to amend.

Accordingly, it is now **ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate any pending motions, enter judgment accordingly, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida on November 20, 2024.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies: Dominic Anthony Rosato

---

[3] Here, unaware that Plaintiff had a similar pending case, the Court spent considerable time screening Plaintiff's original complaint.

7